IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                        Case No. 15-10089-01-JTM

ANGELICA M. FLORES,

Defendant.

MEMORANDUM AND ORDER

As noted at the sentencing hearing, the court sustains the defendant's objection to
the proposed enhancement of her sentence pursuant to USSG § 2K2.1(a)(4)(A), which
authorizes a higher sentence in the event the defendant has been previously convicted of
a "crime of violence." In the present case, a "crime of violence" means a crime which "has
as an element the use, attempted use, or threatened use of physical force." USSG §
4B1.2(a)(1). Defendant Angelica Flores was previously convicted in the State of Kansas of
conspiracy to commit aggravated battery in violation of K.S.A. 21-5413(b)(1)(a).

It is true, as the government argues, that aggravated battery under Kansas law is
distinguished by the degree of physical harm resulting to the victim. (Dkt. 31, at 5).
Aggravated battery under K.S.A. 21-5413(b)(1)(A) means "[k]nowingly causing great

bodily harm to another person or disfigurement of another person." The term "bodily harm" can include any hostile touching of another, even if it results in "slight, trivial, or moderate harm ... includ[ing] mere bruises." *State v. Johnson*, 46 Kan.App.2d 870, 881, 265 P.3d 585 (2011). In *Johnson*, the Kansas Court of Appeals stressed that "[t]he word 'great' distinguishes the bodily harm necessary to prove aggravated battery." *Id. See also State v. Moore*, 271 Kan. 416, 23 P.3d 815, 818 (2001) ("[t]he critical difference between the two offenses lies in the harm caused").

However, in determining whether aggravated battery under Kansas law is a crime of violence, the court must look to the force actually required under the statute, not whether a specific injury actually resulted. *See United States v. Rodriguez-Enriquez*, 518 F.3d 1191 (10th Cir. 2008); *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2006). Enhancement is appropriate only if the use of force exists "as an element" of the offense itself. U.S.S.G. § 4B1.2(a)(1). Nothing in the Kansas statute explicitly requires physical force as an element of the offense.

The government separately notes that another provision of Kansas law, K.S.A. 21-5111(n) treats aggravated battery as a "forcible felony." But "the label a State assigns to a crime ... has no relevance to whether than offense is an ACCA predicate." *United States v. Mathis*, ___ S.Ct. ___, 2016 WL 3434400, *6  (June 23, 2016). "All that counts under the Act ... are the 'elements of the statute of conviction.'" *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 601 (1990)). While *Mathis* involved an enhanced sentence under the Armed Career Criminal Act rather than the Sentencing Guidelines, the court finds no basis for reaching

2

a different result. As noted earlier, the text of § 4B1.2(a)(1) explicitly requires force "as an element" of the offense.

IT IS SO ORDERED this 23rd day of August, 2016.


_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE